**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN**

In re:

                                      Case No.  HG 08-00923

JUSTIN ALAN ALBRECHT,

       Debtor.

_____/

WALLWORK FINANCIAL CORPORATION,

       Plaintiff,

vs.                                  Adv. Pro. No.  08-80195

JUSTIN ALAN ALBRECHT,

       Defendant.

_____/

| NOT FOR PUBLICATION |
|---|

**SUPPLEMENTAL OPINION RE: PLAINTIFF'S
OCTOBER 14, 2008 MOTION (DN 30)**

On November 13, 2008, this court denied Plaintiff's October 14, 2008 motion for leave to

amend the complaint it filed in this adversary proceeding.  This opinion supplements the reasons the

court gave from the bench that day for denying the motion.

**BACKGROUND**

This adversary proceeding arises from Debtor's lease of a refrigerated truck trailer from

Plaintiff.  The lease describes the trailer as a 2007 Great Dane Insulated Trailer with serial number

1GRAA06297B702106.  The lease also separately describes a rebuilt Carrier refrigeration unit attached to the trailer.

Debtor surrendered to Plaintiff a Great Dane trailer shortly after Debtor filed his petition on February 6, 2008.  However, the surrender was not made to Plaintiff itself.  Rather, Debtor delivered the trailer to Grand Rapids Truck Center, LLC ("GRTC") as Plaintiff's agent.

GRTC's inspection of the surrendered trailer revealed that the Carrier refrigeration unit had been removed and replaced by a Thermo King unit.  GRTC, though, was apparently satisfied that the surrendered trailer itself was the trailer that Plaintiff had originally leased to Debtor because Plaintiff quickly secured relief from the automatic stay based upon that premise.  Specifically, Plaintiff made the following averments when it sought that relief:

> 12.     When the trailer was inspected, Wallwork [Plaintiff] discovered that the VIN plate and the registration papers were missing from the Trailer.
>
> * * *
>
> 14.     Wallwork was able to confirm by VIN engravings elsewhere on the Trailer that it was the Trailer Wallwork leased to Debtor.

Plaintiff's March 7, 2008 Motion.

Neither the Chapter 7 Trustee nor Debtor opposed Plaintiff's motion.  Therefore, the automatic stay was modified as requested.  *See*, March 28, 2008 order.[1]

---

[1]The March 7, 2008 motion and the March 28, 2008 order appear as docket entries 14 and 23 in Debtor's related bankruptcy case (08-00923).

2

Plaintiff then filed its complaint against Debtor on May 8, 2008. The complaint sought a declaration of Section 523(a)(6)[2] non-dischargeability against Debtor with respect to damages Plaintiff allegedly incurred as a consequence of Debtor's acknowledged replacement of the Carrier refrigeration unit with another. Plaintiff further alleged in its complaint that it also had under that same section a separate non-dischargeable claim against Debtor for physical damage to the trailer that GRTC had detected during its inspection. And finally, Plaintiff asserted that Debtor's discharge should be generally denied under Section 727(a)(2)(A) because of his acknowledged exchange of the Carrier refrigeration unit for the Thermo King unit.

However, Plaintiff in its October 14, 2008 motion to amend contends that it was mistaken when it previously averred that the trailer surrendered was the same as the one it originally leased. What Plaintiff now claims is that the trailer Debtor returned was ten or more years older than the original. Consequently, Plaintiff wants to add to its complaint a third Section 523(a)(6) non-dischargeability action against Debtor for damages resulting from the alleged switch of the trailer itself as well as to add similar averments as yet another reason to deny Debtor's discharge altogether under Section 727(a)(2)(A).

According to Plaintiff, it did not discover the alleged swap of the trailer until Plaintiff itself offered the surrendered trailer for sale.[3] Apparently, a prospective buyer took delivery of the trailer

---

[2] 11 U.S.C. § 523(a)(6). Unless otherwise designated, all further references to "Section ____," shall be to the Bankruptcy Code. 11 U.S.C. §§ 101, *et seq.*

[3] Plaintiff in fact characterizes its proposed amendment as simply "incorporating discovery." Plaintiff's October 14, 2008 Motion, p. 4. However, that characterization is misleading since it is clear that what Plaintiff now proposes is not the product of discovery undertaken in conjunction with this adversary proceeding. Rather, it is the result of a prospective buyer questioning whether the trailer Plaintiff has attempted to sell it is in fact what it purports to be. Moreover, Plaintiff offers no explanation why it was not previously in the position to make the same discovery months ago given it has been in possession of the trailer since February 2008.

from GRTC sometime in September of 2008 and, during the course of repairing that trailer, the buyer and its agents raised questions as to whether the trailer had in fact been built in 2007. Unlike Plaintiff, the buyer claimed that it was unable to find any legible serial number on the surrendered trailer. Nonetheless, the buyer concluded that the surrendered trailer was in all likelihood a much older model based upon the dating of a dealer sticker that had been placed on the trailer.

Plaintiff's motion was not brought until nearly eight months after the subject trailer had been surrendered by Debtor to GRTC. Approximately six and one-half months had also passed since Plaintiff declared in its March 7, 2008 motion that the trailer surrendered was the same as the one it had leased. And finally, Plaintiff's motion was filed just as the permitted discovery period was coming to a close. Indeed, the court by that time had scheduled a final pretrial conference for December 4, 2008 and a trial date in January of 2009.

## DISCUSSION

Bankruptcy Rule 7015 and Civil Rule 15(a)[4] provide that leave to amend should be freely given when justice requires. However, there are instances where justice would not be served were the amendment allowed. For example, leave is not to be granted where there has been:

> [u]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.

*Miller v. Champion Enterprises, Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (quoting from *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)).

---

[4]FED.R.BANKR.P. 7015 and FED.R.CIV.P. 15(a). Unless otherwise indicated, all further citations in this opinion to "Bankruptcy Rule _____" will be to the Federal Rules of Bankruptcy Procedure and citations to "Civil Rule _____" will be to the Federal Rules of Civil Procedure.

This court concludes that amendment of Plaintiff's complaint as it requests would unduly prejudice Debtor in connection with its defense of the allegations Plaintiff now wishes to make against Debtor. Plaintiff undoubtedly believes that it has been duped by Debtor and, as such, it should be able to now expand its complaint to cover Debtor's alleged transgressions concerning the trailer as well. Debtor, though, is just as adamant that he returned to Plaintiff the same trailer that had been originally leased to him and, as such, Plaintiff's efforts to deny him his discharge or to otherwise declare Plaintiff's claim as non-dischargeable with respect to the supposedly swapped trailer are as baseless as its similar efforts with respect to the swapped Carrier unit.

Debtor would have no room to complain had Plaintiff made these allegations back in February when the trailer was first surrendered, for, as Plaintiff affirmatively stated in its motion filed in March, there were still etched serial numbers on the trailer that could identify it. A simple comparison at that time of the serial numbers on the lease with the etched numbers on that trailer would have easily established one way or the other whether Debtor had switched trailers or not. Indeed, had Plaintiff disclosed then what Plaintiff claims now - that there were never any etched serial numbers and that some other method of comparison would be needed - Debtor would have had much less to complain about.

However, Plaintiff's delay in making its accusation has put Debtor at a distinct disadvantage, for the serial numbers Plaintiff certainly claimed existed six months ago are by its own admission no longer there today. It is possible, as Plaintiff asserts, that it had been misinformed by GRTC when it acknowledged the existence of those engravings in the motion it filed last March. On the other hand, it is also possible that the engraved numbers had been there at that time but that Plaintiff, GRTC or even some stranger then obliterated them during the ensuing six months. The point is that

Plaintiff had within its means back in February or March of this year to fairly confront Debtor with the accusation it now makes but instead Plaintiff has waited for six months to do so to Debtor's detriment. Plaintiff cannot pass off to GRTC, its agent, the responsibility that it had to bring this issue to Debtor's attention in a timely fashion. Indeed, given that Plaintiff now seems to be relying upon GRTC's lack of reliability in explaining why it previously reported that the engraved numbers existed, it seems only fair that Debtor should be able to respond in kind that the same lack of reliability could account for the erasure of the numbers at some point after the trailer had been surrendered.[5]

## CONCLUSION

In summary, then, justice does not warrant Plaintiff's motion to amend its complaint at this time to add Debtor's alleged surrender of the wrong trailer as further reasons for denying Debtor's discharge or declaring its claim non-dischargeable, for permitting the requested amendment at this time would be prejudicial. Therefore, Plaintiff's October 14, 2008 motion is denied.[6]

---

[5]Debtor has not posited any theory for the discrepancies between what the prospective buyer discovered in the trailer that GRTC delivered to it in September 2008 and the 2007 Great Dane trailer that is described in the lease. This is not to say, though, that explanations do not exist. For example, it is distinctly possible that both Plaintiff and Debtor were mistaken as to the model year of the original trailer leased given that the design differences between model years was apparently "slight." Affidavit of Eric G. Mankowski, attached as Exhibit C to October 14, 2008 Motion. It is also possible that the trailer was swapped after it had been surrendered. In any event, it should not be incumbent upon Debtor under the circumstances to prove how these discrepancies could have occurred when Plaintiff itself opened the door for such speculation by affirmatively stating that it had discovered a matching serial number during its own inspection of the trailer but by not then claiming that that statement had been in error until more than six months had passed.

[6]The court also addressed at the November 13, 2008 hearing two other reasons why the Plaintiff's motion to amend should be denied. One was futility based upon judicial estoppel. *See, e.g., Edwards v. Aetna Life Insurance Company*, 690 F.2d 595 (6th Cir. 1982). The doctrine of judicial estoppel precludes a party who has successfully asserted a position before one tribunal from then asserting the opposite position before a second tribunal. Plaintiff's success in securing relief from stay based upon its affirmative representation that the surrendered trailer was also the one it had leased certainly suggests that it should be

6

The court will enter a separate order consistent with its decision from the bench on November

13, 2008, and as supplemented by this written opinion.

_____ 12/19/08

Hon. Jeffrey R. Hughes
United States Bankruptcy Judge

Signed this 19th day of December 2008
at Grand Rapids, Michigan.

---

judicially estopped from now claiming the opposite in this separate adversary proceeding concerning Debtor's discharge. However, the fact that both of these matters are before a single tribunal and that there are allegations of deceit on the part of Debtor pose problems concerning whether the doctrine should in this instance be applied.

Debtor also asserted the statute of limitations as an alternative basis for deeming Plaintiff's proposed amendment to be futile. Adversary proceedings commenced under Section 727(a) or Section 523(a)(6) must be filed no later than 60 days after the date first scheduled for the debtor's first meeting of creditors, which, in this instance, was March 17, 2008. FED.R.BANKR.P. 4004(a) and 4007(c). However, Plaintiff still has at least room to argue that the controversy regarding the ownership of the trailer arises out of the same "transaction . . . set out . . . in the original pleading" and, as such, the amendment as proposed could relate back to the original complaint's May 8, 2008 filing date for purposes of the statute of limitations. FED.R.BANKR.P. 7015 and FED.R.CIV.P. 15(c)(1)(B). In addition, Plaintiff asserted at the hearing that Debtor's surrender of the wrong trailer, if true, would equitably toll the running of the statute of limitations and, as such, a final determination of futility on this basis would have to wait until that evidentiary issue had been resolved.

7